IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                   CASE NO. 4:24mj90-MAF

**JASON PATRICK ALDAY,**

     **Defendant.**
_____/

## ORDER OF DETENTION

The United States has moved pursuant to the Bail Reform Act that Defendant be detained pending trial pursuant to 18 U.S.C. § 3142(e)(1). The Government has to prove that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. A hearing was held this day and the following findings are made:

1. Defendant has been charged by Criminal Complaint with three counts: (1) threatening communication in violation of 18 U.S.C. § 875; (2) making threats against the President of the United States, in violation of 18 U.S.C. § 871; and threatening federal officials, in violation of 18 U.S.C. § 115(a)(1)(B). The evidence in the case is strong and provides probable cause to believe Defendant committed the offenses as charged.

2. The Government pointed to the Pretrial Services Report and also proffered that on June 25, 2024, the Secret Service was notified by Defendant's health care provider that Defendant had said he did not like the president and wanted to slit his throat. Defendant was at Apalachee for mental health, self-admission, and then he went on to HCA for about 48 hours. In October 2021, a state court adjudged Defendant incompetent. Pretrial Services Report indicates he was adjudged incompetent in September 2023.

3. The Government further explained that an Agent asked the Defendant about statements and the Defendant said he did not recall and he denied making the statements. The Agent left and then the Defendant posted online, in a public forum, about the Agent coming to visit him, he made statements similar to those he had made to the health care provider and that he wants to kill the president. Days later, he made another similar statement, saying he wanted to kill the Special Agent.

4. The Government states that Defendant currently lives with his parents. He does not own a car.

5. Defendant's counsel stated she has not heard from Defendant's state counsel. Defendant's counsel states she believes Defendant is

competent for purposes of these proceedings and that he appears to understand what is happening.

6. Defense counsel called Defendant's mother, Elizabeth Alday, as a witness. Mrs. Alday testified Defendant currently lives with her, and he has lived with her off and on his whole life. He's currently in his late 30s. She testified Defendant has schizoaffective disorder and ADHD, and he is bipolar and on the autism spectrum. She testified he takes medication including a mood stabilizer, antidepressants, and anti-psychosis medication. She dispenses his medications to him each day and he relies on her for this; she doubts he could do tis on his own. She makes his meals and takes him to his appointments; he does not drive. Pursuant to a state program, he receives weekly therapy at home. She has never seen him with a firearm. She does not think he has any way to carry out threats that were made. If he were released, she would ensure whatever the Court requires. She would deny him access to his computer and his smart phone.

7. The Government questioned Mrs. Alday. She owns a vehicle and she keeps the keys. She does have kitchen knives, for cooking. Law enforcement has been to their home previously, to escort Defendant to Apalachee. On one of those occasions, a deputy told her that Defendant had pushed him. She testified that, in May 2021, Defendant was at home

with an ankle monitor and got lost in the woods. In this case, Defendant is accused of making threats on X. Mrs. Alday testified she knew Defendant was on his computer but she did not know what he was doing.

8. Defense counsel asked Mrs. Alday about access to the computer. Mrs. Alday testified she would no longer allow him to have access to the computer, regardless of whether the court imposes that condition. The rules of her home are that he will not access computer or internet. She testified the state program has been beneficial, especially the weekly in-home therapy – she says he needs that therapy.

9. The Government asserted that even the most restrictive home conditions are not sufficient in this case because of Defendant's history of threatening law enforcement.

10. Defense counsel argued the most restrictive conditions would be sufficient in this case, and expressed concern that Defendant would not get his medications at the federal detention center. Defense counsel also argued that Defendant does not have the apparent ability to carry out any threat and he has not taken any steps to carry out his threats – he was just venting on the internet because he has mental health issues.

11. Pretrial Services does not believe any conditions can be imposed to protect the community. While under monitoring previously, Defendant lost

his ankle bracelet and a battery resulted when the probation officer went to investigate.

12. The Government offered that it goes too far to say the Defendant cannot carry out the threats. There are knives in the home and there is a vehicle at the residence. Mrs. Alday lost track of him previously when he had an ankle monitor.

13. Defense counsel reiterated that a state court judge released him to home and out-patient therapy.

14. The undersigned has concerns about what is missing in this case. In the state court, the Defendant has been found incompetent to proceed and has pending hearings this August and December, though this Court is not bound by what the state court does. There are no reports from a mental health provider that give the undersigned comfort regarding Defendant's mental state in light of what the Defendant is charged with today. The Defendant has been released and he has been somewhat of a danger; he has demonstrated a consistent trend in last two years of competency problems and violations. All this leads the undersigned to conclude that the Defendant is a danger to the community and no conditions can be imposed to reasonably ensure the safety of the community. The Government's motion for detention is **GRANTED**.

Case No. 4:24mj90-MAF

**15.   The Bureau of Prisons shall dispense the medications that Defendant is currently prescribed, as prescribed.  Defense counsel will provide the U.S. Marshal with a list of prescribed medications to be delivered to the Bureau of Prisons.**

Accordingly, it is **ORDERED**:

That the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** on July 15, 2024.

> s/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**